|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |  |
|  | Order Filed on June 17, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| **McCABE, WEISBERG & CONWAY, LLC**<br>**By: Alexandra T. Garcia, Esquire (Atty. I.D.#**<br>**ATG4688)**<br>**216 Haddon Ave., Suite 201**<br>**Westmont, NJ  08108**<br>Attorneys for Mortgagee: TIAA, FSB |  |
| In re:<br><br>Barbara L. Grifa<br>       Debtor | Case No.: 19-17751-CMG<br><br>Chapter:  13<br><br>Judge:  Christine M. Gravelle |

**AGREED ORDER RESOLVING TIAA, FSB'S OBJECTION TO
CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**

**DATED: June 17, 2019**

*Honorable Christine M. Gravelle*
United States Bankruptcy Judge

Page 2
Debtor: Barbara L. Grifa
Case No: 19-17751-CMG
Caption of Order: **AGREED ORDER RESOLVING TIAA, FSB'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

THIS MATTER having been brought before the Court by Brenner Spiller & Archer, attorney for Debtor, Barbara L. Grifa, upon the filing of a Chapter 13 Plan, and TIAA, FSB, by and through its attorneys, McCabe, Weisberg & Conway, LLC having filed an Objection to the Confirmation of said Chapter 13 Plan, and the parties having subsequently resolved the differences, and for good cause shown, it is **ORDERED** as follows:

1. Beginning May 1, 2019 and continuing each month that Barbara L. Grifa (hereinafter the "Debtor") is enrolled in the Court's Loss Mitigation Program, Debtor shall make adequate protection payments directly to TIAA, FSB (hereinafter "Creditor") in the amount of: $1,175.13 (representing at least 60% of P&I and 100% of escrow).

2. The Trustee is authorized not to pay Creditor's secured arrearage as will be listed in the soon to be filed Proof of Claim while Debtor is actively enrolled in the Court's Loss Mitigation Program so Debtor can apply and potentially complete a loan modification with regards to Creditor's mortgage on the Property located at 36 Brookside Road, Spotswood, NJ 08884.

3. If Debtor fails to make any monthly adequate protection payment within sixty (60) days of the date the payments are due, then Creditor may obtain an Order Vacating the Automatic Stay as to the Property by filing, with the Bankruptcy Court, a Motion for Relief from Stay.

4. Debtor is expected to submit the loss mitigation documents in accordance with the time frame set by the Court's loss mitigation program. Any additional document requests made by Creditor should be responded to within 10days of the request. If a completed application is not received timely, Creditor will be unable to complete a loss mitigation review on Debtor's account and Debtor will be denied for a loan modification.

Page 3
Debtor: Barbara L. Grifa
Case No: 19-17751-CMG
Caption of Order: **AGREED ORDER RESOLVING TIAA, FSB'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

---

5. Once the loss mitigation review has taken place and the parties fulfill the requirements of the Bankruptcy Court's Loss Mitigation Program, if Debtor is approved for a loan modification capitalizing the pre-petition arrears, Debtor shall file a Motion to Approve Loan Modification with the Court. If the Motion to Approve Loan Modification is granted, Debtor shall file a Modified Plan, together with amended schedule "J" reflecting Debtors' post loan modification budget, within 30 days of approval of the final loan modification.

6. If Debtor is denied for a loan modification, or if Debtor declines to accept the loan modification offered, Creditor will notify Debtor's attorney, and within 30 days of such notification Debtor shall file: a) a Modified Plan to cure the pre and post-petition arrears; b) a Modified Plan to surrender the property and provide relief from the automatic stay to Creditor c) a Notice to Convert to a Chapter 7; or d) a Notice to Dismiss Case. If Debtor fails to take action after declining or defaulting on the modification, Creditor will move for Relief from the automatic stay, pursuant to paragraph 3 of this Order.

7. Debtor acknowledges that once the Loss Mitigation Period is over, Debtor shall resume making full monthly mortgage payments. If the Loss Mitigation review results in a Loan Modification, Debtor shall begin making payments in accordance with the terms of the loan modification.

8. This Order shall be incorporated in and become part of any Order confirming Plan in the Debtors' Chapter 13 bankruptcy.